IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 98-CR-30011-1** |
| **VERSUS** | * | **JUDGE JAMES** |
| **MICHAEL O'SHEA HEARD** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to vacate, set aside, or correct sentence under 28 U.S.C.§2255 (Document #191). For reasons stated below, it is recommended that the §2255 motion be **DENIED**.

Movant was indicted on five counts of drug trafficking and conspiracy on April 20, 1998. On June 18, 1999, after a five day jury trial, the defendant was found guilty on all five counts. On October 14, 1999, the defendant was sentenced to 235 months imprisonment to be followed by five years of supervised release. Defendant was granted an out-of-time appeal, pursuant to an order of this court finding that his failure to timely file same was due to ineffective assistance of counsel. His conviction and sentence were affirmed. Defendant filed a previous § 2255 motion in this court, which was denied. (Docs. 162, 180). Thus, the present motion is a second or successive motion.

The final paragraph of 28 USC §2255 provides as follows:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence

as a whole, would be sufficient to establish by clear and convincing evidence that

no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review

by the Supreme Court, that was previously unavailable.

The record shows that Heard neither sought from nor was granted leave to file a second or successive §2255 motion by the Court of Appeals. On this basis alone, it is recommended that this motion be DENIED.

In addition, even presuming that Heard had been granted leave to file this motion, it is still recommended that the motion be denied. As the sole grounds for the present motion, Heard contends that, pursuant to *Blakely v. Washington*, 124 S.Ct. 2531 (U.S. June 24, 2004), and *U.S. v Booker,* 125 S.Ct. 738 (U.S. 1/12/2005), the District Judge exceeded his sentencing authority because Heard did not waive his Sixth Amendment right to a jury trial regarding the factual findings and enhancements used to increase his sentence.

## Law and Analysis

The Law of §2255 Actions

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The scope of relief under §2255 is consistent

with that of the writ of habeas corpus. *Cates*, 952 F.2d at 151. Also, *U.S. v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

One Year Limitations Period

Section 2255 provides, in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court **and made retroactively applicable to cases on collateral review**; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (emphasis added).

Heard was sentenced on October 14, 1999, and his conviction and sentence were affirmed by the United States Court of Appeals of the Fifth Circuit in an unpublished opinion. *United States of America v. Michael Oshea Heard,* 01-31051 (5th Cir. 3/19/02) (R.172). Heard did not file this Section 2255 motion until June 20, 2005, clearly more than one year after his conviction became final.

Heard is alleging a violation of a right "initially recognized by the Supreme Court" in *Blakely* on the ground that the District Judge engaged in independent fact finding to enhance his sentence. In *Blakely v. Washington*, 124 S.Ct. 2531, 2537 (U.S. June 24, 2004), the Supreme Court overturned a sentence which exceeded the standard maximum sentence provided by

3

statute. Although, pursuant to a plea agreement, the State had recommended a sentence within the standard range of 49 to 53 months, the judge rejected the State's recommendation and, after a hearing, imposed an exceptional sentence of 90 months on the ground that petitioner had acted with "deliberate cruelty," a statutorily enumerated ground for upward departure in domestic-violence cases. In finding the sentence imposed violated the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000),[1] the Supreme Court stated that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S.Ct. at 2537. "In other words, the relevant 'statutory maximum'" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,'...and the judge exceeds his proper authority." *Blakely,* 124 S.Ct. at 2537. In *United States v. Booker*, 125 S.Ct. 738 (U.S. 1/12/2005), the Supreme Court specifically held that *Blakely* applies to the Federal Sentencing Guidelines.

Heard argues *Blakely* should be applied retroactively to his sentence on collateral review pursuant to the exceptions set forth in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989),

---

[1] In *Apprendi v. New Jersey*, 530 U.S. at 490, 120 S.Ct. 2348, 2362-63, the Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt. Therefore, when a government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841, drug quantity is an element of the offense that must be submitted to a jury under *Apprendi*. However, as this court held in connection with Dykes' previous §2255 motion, when a defendant's sentence does not exceed the statutory maximum authorized by the jury's findings, *Apprendi* does not affect the sentence. *U.S. v. Garcia*, 242 F.3d 593, 599 (5th Cir. 2001), citing *U.S. v. Doggett*, 230 F.3d 160, 164-65 (5th Cir. 2000), *cert. den.*, 531 U.S. 117, 121 S.Ct. 1152 (2001).

4

because (1) it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, and (2) it involves a watershed rule of criminal procedure that implicates the fundamental fairness of the trial and is implicit in the concept of ordered liberty.

However, in *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478 (2001), the Supreme Court expressly held that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." As stated by the Supreme Court in *Tyler,* 533 U.S. at 666, 121 S.Ct. at 2484, "the most [Heard] can claim is that, based on the principles outlined in *Teague,* the [Supreme] Court should make [*Blakely*] retroactive to cases on collateral review." As has been held by every district and circuit court which has considered it since *Blakely* and *Booker* were decided, since the Supreme Court has not yet done so, *Blakely* and *Booker* cannot be retroactively applied to Heard's sentence through Section 2255 by this court. See, e.g., *In re Elwood,* 408 F.3d 211 (5th Cir. 3/14/05)

For the reasons stated above, **it is recommended that Heard's latest Motion to Vacate be DISMISSED for failure to obtain leave to file same from the Fifth Circuit, or in the alternative that it be DENIED as untimely.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

5

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 27th day of July, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE