RECEIVED
IN MONROE, LA
SEP 03 2008
AC
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 98-30011-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MICHAEL OSHEA HEARD | MAG. JUDGE KAREN L. HAYES |

## RULING

This matter is before the Court for consideration under 18 U.S.C. § 3582(c)(2).

On June 18, 1999, Defendant Michael Oshea Heard ("Heard") was convicted by a jury of his peers of one count of conspiracy to distribute crack cocaine, three counts of distribution of crack cocaine, and one count of unlawful use of a communications facility. Following Heard's plea, the United States Probation Office ("USPO") conducted a pre-sentence investigation and issued a Pre-Sentence Report. Through counsel, Heard raised objections to the Pre-Sentence Report. At a hearing on October 14, 1999, the Court granted some of Heard's objections. As a result, the Court determined that Heard's range of imprisonment under the United States Sentencing Guidelines was 235-293 months each on Counts 1, 2, 3 & 5, to run concurrently, and 48 months on Count 4, to run concurrently with the other counts. The Court sentenced Heard to 235 months imprisonment each on Counts 1, 2, 3 & 5, to run concurrently, and 48 months on Count 4, to run concurrently with the other counts. A Judgment imposing that term of imprisonment was signed on October 20, 1999.

On November 1, 2007, the United States Sentencing Commission's ("the Sentencing

1

Commission's") Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base offense levels applicable to cocaine base or crack offenses in the Sentencing Guidelines ("Guidelines"). On December 11, 2007, the Sentencing Commission voted in favor of applying the amendment retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which implemented the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

After the Sentencing Commission's amendments to the base offense levels for crack, the Court began, *sua sponte*, to review defendants potentially affected by those amendments. Heard was identified by the USPO as a person whose sentence might be subject to reduction.

The USPO provided the Court with revised Guidelines calculations based on the amendments to Section 2D1.1. After a two-level reduction to his base offense level, Heard is subject to a term of imprisonment of 188-235 months on Counts 1, 2, 3, & 5, to run concurrently, and 48 months on Count 4, to run concurrently with the other counts.

On April 4, 2008, the Court issued an order appointing the Office of the Federal Public Defender to represent Heard. The April 4, 2008 Order further provided notice of the Court's intent to reduce Heard's term of imprisonment, based on the Court's review of the revised calculations and the record. Finally, the April 4, 2008 Order required counsel to file within 60 days a notice stating (1) whether a hearing is requested or waived and (2) whether there are any

objections to the re-calculation and/or to the Court's proposed term of imprisonment. Counsel were also provided a copy of the USPO's revised calculations.

The Government and Heard have filed sentencing memoranda under seal. Heard contends that he should be granted a hearing and a further reduction in sentence to 120 months imprisonment. Although Heard admits that § 3582(c)(2) is not a full re-sentencing, he cites a Ninth Circuit case for the proposition that *United States v. Booker*, 543 U.S. 220 (2005), and its progeny apply to these proceedings and permit the Court to reduce his sentence further. *See United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007) ("This case presents the court with two related questions. First, it requires us to decide whether § 3582(c)(2) proceedings fall within the scope of *Booker*. Second, if they fall within *Booker's* ambit, it raises the question of whether policy statements by the Sentencing Commission nonetheless preclude the application of *Booker* to § 3582(c)(2). Because *Booker* abolished the mandatory application of the Sentencing Guidelines in all contexts, and because reliance on its holding is not inconsistent with any applicable policy statement, we reverse the district court and hold that *Booker* applies to § 3582(c)(2) proceedings.").

Assuming that the Court conducts a review of his sentence under *Booker*, Heard argues that the following non-Guideline factors should now be considered under 18 U.S.C. § 3553(a): (1) under *Kimbrough v. United States*, 128 U.S. 558 (2007), a sentence to a term of imprisonment less than the recommended range is appropriate based on a legitimate policy disagreement with the Guidelines (i.e., the crack/powder ratio is unfair and has a disproportionate impact on African-Americans), and, in this case, the same amount of powder cocaine would have resulted in a Guidelines sentence of 120-121 months (statutory minimum); (2) the still existing

3

disparity between crack and powder cocaine Guidelines violates the Fifth Amendment; (3) Defendant has provided assistance to the Government regarding criminal activities to others on at least two occasions; (4) he has made significant efforts at rehabilitation (see Exhibit B for his certificates and a program review report); and (5) Defendant is unlikely to recidivate because he was gainfully employed for 16 years prior to this conviction.

The Government responds that *Booker* does not apply to § 3582(c)(2) proceedings. While the Court is instructed to consider § 3553(a) factors when reducing a sentence of imprisonment under § 3582(c)(2), the Court's review of those factors must be undertaken "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Government contends that a further reduction is inconsistent with the Commission's policy statement.

### A.   Analysis

Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that-
> 
> ...
> 
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) rests "in the sound discretion of the district judge." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995)(citing *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir.1994)). However, the statute requires

the Court to consider whether its proposed reduction is consistent with the Sentencing Commission's policy statements. In this case, the policy statement is contained in U.S.S.G. § 1B1.10 (effective March 3, 2008), which provides:

> (b) <u>Determination of Reduction in Term of Imprisonment</u>--
>
> > (1) <u>In General</u>.-In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
> >
> > (2) <u>Limitations and Prohibition on Extent of Reduction</u>--
> >
> > > (A) <u>In General</u>.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is **less than the minimum of the amended guideline range** determined under subdivision (1) of this subsection.
> > >
> > > (B) <u>Exception</u>.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(1)-(2) (emphasis added) (Supp. to the 2007 Guidelines Manual).

5

First, the Court finds that it has no authority under § 3582(c)(2) to reduce Heard's sentence below the minimum range of imprisonment provided by the revised calculations. The Court's jurisdiction under § 3582(c)(2) is specifically limited to reductions "consistent with applicable policy statements issued by the Sentencing Commission," and, in this case, the policy statement contained in § 1B1.10(2)(A) is clear that the Court should not deviate below the Guideline minimum. While there are certain exceptions to this limitation, none are applicable in this case.

Second, the Court finds, contrary to the Ninth Circuit, that *Booker* and its progeny do not apply to § 3582(c)(2) proceedings.[1] Although not yet addressed by the Fifth Circuit, Heard's argument has been addressed and rejected by several other federal courts. The Court agrees with and adopts the analysis and findings of the district court in *United States v. Cruz*, No. 02-CR-0725 (CPS), F.Supp.2d ----, 2008 WL 539216 (E.D. N.Y. Feb. 27, 2008), that Sixth Amendment concerns are not raised by cases such as Heard's:

> A defendant in a § 3582(c)(2) proceeding has a presumptive, lawful sentence. . . .Under § 3582(c)(2), there is no possibility of an increase in defendant's sentence above her current one. Any fact finding done by the judge, in conjunction with the § 3553(a) factors or otherwise, leads to a conclusion that the sentence either should or should not be reduced, *see United States v. Vautier*, 144 F.3d 756, 760 (11th Cir.1998) (sentencing court's power to reduce a sentence under § 3582(c)(2) is discretionary) and *Rivera v. United States*, 2003 WL 76988, at *3 (S.D.N.Y. Jan. 9, 2003) (Section 3582(c)(2) permits, but does not require, a district court to modify a defendant's sentence), but does not allow for an increase in the sentence. Accordingly, there is no judge found fact that increases defendant's sentence beyond the statutory maximum.

*Id.* at *5.

---

[1] As the Government points out, the *Hicks* Court did not have the benefit of the revised text of and commentary to U.S.S.G. § 1B1.10, which plainly limits the court's authority.

Third, the Court also finds that Heard has failed to make out an Equal Protection claim. Heard argues that the Court's proposed reduction in sentence still violates the Equal Protection Clause of the Fifth Amendment because there is a continued disparity between the Sentencing Guidelines for powder and crack cocaine offenses and this disparity has a disproportionate effect on African-Americans. "[E]ven if a neutral law has a disproportionately adverse effect upon a racial minority, it is unconstitutional under the Equal Protection Clause only if that impact can be traced to a discriminatory purpose." *Personnel Adm'r v. Feeney*, 442 U.S. 256, 272 (1979); *see also United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992) (citing same). "Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." 951 F.2d at 65 (citing *Feeney*, 442 U.S. at 279). The history of Congress's directives to the Commission to conduct studies regarding powder versus crack cocaine offenses and its implicit agreement with the Sentencing Commission's recent amendments[2] reflect an intent to protect the public welfare from trafficking in crack while addressing any unsubstantiated disproportionate impact on crack offenders. There is no evidence to suggest that Congress failed to enact a 1:1 ratio for powder versus crack cocaine offenses because, even in part, of the impact on African-Americans.

The Court finds that, even if it were allowed to disregard the Sentencing Commission's Policy Statement, a two-level reduction in Heard's sentence is appropriate. While the Court appreciates Heard's efforts at rehabilitation, under § 3553(a), the need for a just sentence and

---

[2]A discussion of the history of recent amendments is contained in *Kimbrough*. 128 S. Ct. at 569, 572.

appropriate punishment are met in this case by the imposition of a sentence of 188 months.[3]

## B.  Request for Hearing

Heard has also requested a hearing in this matter. As the Fifth Circuit has recognized, § 3582(c) motions can generally be decided without a hearing because the proceedings are limited in scope and "not a second opportunity to present mitigating factors to the sentencing judge," but "simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *see also* U.S.S.G. § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."). Federal Rule of Criminal Procedure 43(b)(4), also provides that a defendant need not be present for a "proceeding [that] involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."

The Court has been provided with sufficient information in the record and by the parties to reach a determination on Heard's reduction without the necessity of a hearing.

## C.  Conclusion

For the foregoing reasons, the Court determines that Heard has received an appropriate reduction in this matter. The Court will not conduct a hearing, nor reduce Heard's sentence of imprisonment lower than the bottom of the Guidelines range. The Court's Amended Judgment will issue separately.

---

[3]Heard also argues that he is entitled to a greater reduction in his term of imprisonment because of the substantial assistance he has provided to the Government. The Government has reviewed this file and assures the Court that Heard's assistance was not so "substantial" as to result in a Rule 35 motion. The Court has no authority to reduce Heard's term of imprisonment based on his substantial assistance to the Government without a motion from the Government.

8

MONROE, LOUISIANA, this ____29____ day of __August_____, 2008

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE